UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

| | | |
|---|---|---|
| Case No. | **CV 13-157-JFW (MANx)** | Date: January 16, 2013 |
| Title: | Laura S. Sutta, et al. -v- Hyundai Motor America | |

**PRESENT:**

   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION

On January 9, 2013, Plaintiffs Laura S. Sutta and Jeffrey Hathaway (collectively, "Plaintiffs") filed a Complaint in this Court, alleging that the Court has subject matter jurisdiction over the action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

Under CAFA, a federal district court has subject matter jurisdiction over a class action in which: (1) there are 100 or more proposed class members; (2) at least some of the members of the proposed class have a different citizenship from the defendant; and (3) the aggregated claims of the proposed class members exceed the sum or value of $5,000,000.  *See* 28 U.S.C. § 1332(d).

Plaintiffs have failed to allege that there are 100 or more proposed class members.  28 U.S.C. § 1332(d)(5)(B).  Instead, Plaintiffs allege that they are "informed and believe" that "thousands of persons are members of the Class."  Complaint, ¶ 30.  However, jurisdictional allegations based on information and belief are insufficient to confer jurisdiction.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."); *America's Best Inns, Inc.*, 980 F.2d at 1074 (holding that allegations based on "to the best of my knowledge and belief" are insufficient); *see, also, Bradford v. Mitchell Bros. Truck Lines*, 217 F.Supp. 525, 527 (N.D. Cal. 1963).  As the Supreme Court long ago held, "a plaintiff, suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction."  *Smith*, 270 U.S. at 459 (1926); *accord, Rilling v. Burlington Northern Railroad Co.*, 909 F.2d 399, 400 (9th Cir. 1990).

In addition, Plaintiffs have failed to allege that the aggregate claims of the proposed class members exceed the sum or value of $5,000,000.  28 U.S.C. § 1332(d)(2).  Instead, Plaintiffs allege that "upon information and belief" the amount in controversy exceeds $5,000,000.  Complaint, ¶ 5.

Moreover, for the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); *see also Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). Plaintiffs have failed to allege Defendant Hyundai Motor America's principal place of business.[1]

Federal Rule of Civil Procedure 12(h)(3) specifically states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Pursuant to Rule 12(h)(3), "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002); *see also Emerich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) (noting that "[i]t is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court").

Accordingly, the Court hereby **DISMISSES** this action for lack of subject matter jurisdiction. IT IS SO ORDERED.

---

[1] Although Defendant Hyundai Motor America's national headquarters, which Plaintiffs did allege, may be its principal place of business, Plaintiffs have failed to allege that fact.